## HORN v. BOBIER et ux.

No. 9174—Opinion Filed Oct. 15, 1918.

On Petition for Rehearing, March 4, 1919.

(178 Pac. 664.)

(Syllabus.)

1. **Homestead—Mortgage—Joinder of Husband and Wife.**

Under section 2, art. 12, of the Oklahoma Constitution, the owner of a homestead may mortgage it, where the spouse, if any, joins therein, and such homestead may be sold on foreclosure to satisfy any such mortgage.

2. **Same—Naked Title in Third Person.**

The owner may mortgage his homestead, his spouse joining therein, although the naked legal title is in a third person.

3. **Appeal and Error—Cross-Petition in Error—Review.**

Where the defendants in error have not filed a cross-petition in error, alleged erroneous rulings of the trial court against them will not be considered on appeal.

4. **Mortgages—Acknowledgment—Statute.**

By the provisions of section 1154, Rev. Laws of Oklahoma 1910, an acknowledgment is not necessary to the validity of a real estate mortgage as between the parties thereto.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by Ida Horn against Thomas E. Bobier and others. Judgment for defendants. From the judgment in favor of defendants Thomas E. Bobier and wife, plaintiff brings error. Reversed and remanded, with directions.

T. G. Cutlip, for plaintiff in error.

Baldwin & Carlton, for defendants in error.

RAINEY, J. This action was instituted in the district court of Pottawatomie county, Okla., by Ida Horn, as plaintiff, against Tom Bobier, Mrs. Tom Bobier, Louisa Bobier, R. L. Alexander, administrator of the estate of J. R. Bobier, deceased, R. L. Alexander, George Knapp, and the Oklahoma Farm Mortgage Company, as defendants. Plaintiff and defendant Thomas E. Bobier are step brother and sister, respectively: the former the daughter of Mrs. Louisa Bobier, and the latter the son of J. R. Bobier.

The plaintiff's cause of action was based upon a note executed to her by J. R. Bobier and his wife, Louisa Bobier, and to foreclose a purported mortgage on a tract of land in section 13, township 6 north, range 3 east, given as security for the indebtedness represented by the note. Plaintiff conceded that the naked legal title was in the defendant, Mr. Tom Bobier, but she alleged that he held the land in trust for J. R. Bobier and his wife, Louisa Bobier, the real owners. Trial was held to the court without a jury, and after plaintiff had offered her evidence and rested the court, on motion of counsel for defendants Mr. and Mrs. Tom Bobier, rendered judgment in their favor. The issues as to the other parties to the action were tried at a later date, and a final judgment was rendered in the cause. The plaintiff has appealed to this court, complaining only of the judgment in favor of Mr. and Mrs. Tom Bobier. The parties will be designated plaintiff and defendants, respectively, as they appeared in the trial court.

Plaintiff offered evidence tending to prove that J. R. Bobier and Louisa Bobier, husband and wife, were the owners of and residing on the land in controversy as their homestead in the year 1906, and continued to reside thereon until the death of J. R. Bobier, on the 30th day of March, 1914. In November, 1906, a certain suit had been instituted and was pending against J. R. Bobier on a promissory note given by him in payment of the purchase price of a stallion. Under the claim that he had been defrauded in the transaction whereby he purchased the stallion, Mr. Bobier was resisting a recovery against him in the action, but was laboring under the false impression that, in case judgment should be rendered against him his home could and would be sold on execution. For the purpose of preventing this contingency he and his wife conveyed the land to his son, Thomas E. Bobier, without any consideration whatever being paid therefor by the said Thomas E. Bobier, and with the distinct understanding that the same would be reconveyed to the grantors at any time requested by them. After the execution of the deed the grantors remained in possession of the property and continued to occupy it as their homestead. On the 6th day of July, 1911, which was about five years after the execution of said deed, J. R. Bobier and wife gave to the plaintiff in this action their promissory note for $1,500, and as security therefor executed the purported mortgage which the plaintiff seeks to foreclose in this action.

The plaintiff had lived with and taken care of Mr. J. R. Bobier and his wife, who were very old, for several years and the indebtedness for which the note and mortgage was given was for services rendered them by her

as housekeeper. At the time of the execution of the deed she did not have any written contract for her services, and her indebtedness was not secured by any mortgage or lien on the land. It appears from statements made by the court at the time the mortgage was rejected that he entertained the view that, because the plaintiff did not have any contract or mortgage binding the land at the time of the execution of the deed to Thomas E. Bobier, she was not such a creditor as could question or inquire into the nature of the transaction between J. R. Bobier and wife and Thomas E. Bobier, and that the mortgage subsequently executed to her was invalid.

In support of the ruling of the trial court, counsel for defendants rely upon the case of Alexander v. Bobier et al., 65 Okla. 301, 166 Pac. 716, where the same tract of land was involved, and it was held that the creditors for whose benefit that suit was instituted could not question the conveyance made by Mr. and Mrs. J. R. Bobier to their son, have the same canceled, and subject the property to said creditor's claim, for the reason that the land conveyed was the homestead of the grantors.

Section 2, art. 12, of the Oklahoma Constitution, relating to the homestead of the family, is as follows:

"The homestead of the family shall be, and is hereby protected from forced sale, for the payment of debts except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."            *

The creditors in the case relied on did not have any security on the homestead for their claims, and such claims did not fall within any of the exceptions named in the above constitutional provision, and they therefore would not have the right to enforce their claims against the homestead, even if they could prove, as they alleged, that the land was held in trust by Thomas E. Bobier and that Mr. and Mrs. J. R. Bobier were the real owners thereof. That case is not in point here, for section 2, art. 12 of the Constitution, supra, does not prohibit mortgaging the homestead, but specifically sanctions it where the spouse, if any, joins in the mortgage.

The evidence in this case shows that the transfer of the naked legal title of the homestead was for the purpose of defeating a creditor, but, notwithstanding the execution of the deed, the equitable title remained in Mr. and Mrs. J. R. Bobier.

The plaintiff does not question the legal right of Mr. and Mrs. J. R. Bobier to dispose of their homestead, but the evidence offered by her tends to show the true nature of the transaction, and that in fact they did not dispose of the homestead by the execution and delivery of the deed to their son. If, in fact, the equitable title never passed by the deed, the owners of the land had the right to mortgage the same to the plaintiff under the express constitutional provision above quoted, and the plaintiff was entitled to foreclose her mortgage. The testimony offered by the plaintiff, if true, showed title in the mortgagors, and the court erred in rejecting the mortgage.

Counsel for defendants contend that the judgment should be affirmed for the alleged errors of the court in overruling defendants' demurrer to the plaintiff's petition, in denying defendants' motion for judgment on the pleadings, and in refusing to render judgment on the opening statement of counsel. These questions will not be considered on this appeal, for the reason that the defendants have not filed a cross-petition in error.

There is another question in the case that may arise upon another trial. The mortgage given by Mr. and Mrs. J. R. Bobier to the plaintiff was recorded, but not acknowledged, and for this reason counsel for defendants contend that the same was invalid as to Thomas E. Bobier and wife. If, upon another trial, it is established that Mr. and Mrs. J. R. Bobier were the owners of the land at the time of the execution of the mortgage to the plaintiff, the fact that such mortgage was not acknowledged would not operate to prevent its foreclosure, for, under section 1154 Rev. Laws of 1910, acknowledgment of the mortgage was not necessary to its validity as between the parties.

For the error committed by the trial court in sustaining the objection to the introduction of the mortgage in evidence on the grounds stated, the judgment of the trial court is reversed, and the cause remanded, with directions to the trial court to take such further proceedings in the cause as are not inconsistent with the views herein expressed.

All the Justices concur.

On Petition for Rehearing.

PER CURIAM. After hearing oral argument on petition for rehearing, and a full consideration thereof, the court adheres to the views expressed in the original opinion.

The petition for rehearing is accordingly denied.