## FUNNELL v. CONRAD.

No. 9462—Opinion Filed Dec. 10, 1918.

(176 Pac. 904.)

1. **Appeal and Error—Discretion of Trial Judge—Time for Filing Pleadings—Review.**

Section 4757, Rev. Laws 1910, vests the trial judge with a discretion to permit pleadings to be filed out of time, and his decision thereon will only be reversed here when it is shown that such discretion has been abused to the prejudice of the complaining party.

2. **Witness—Evidence—Pleadings.**

It is not error to admit as evidence pleadings filed in an action, other than the one being tried by one of the parties to the action being tried, when said pleadings are offered for the purpose of impeachment.

3. **Acknowledgment—Deeds.**

Section 1154. Rev. Laws 1910, provides that no acknowledgment shall be necessary to the validity of a deed as between the parties thereto. In an action between the grantor and grantee, error cannot be predicated upon the action of the trial court in admitting a deed in evidence on the ground that the certificate of the notary before whom said deed was acknowledged does not comply with the statutory requirements pertaining thereto.

4. **Gifts—Gifts Causa Mortis—Delivery — Evidence.**

One of the essential elements of a gift causa mortis is that its delivery must be made in expectation of death. Evidence in the instant case examined, and held, that the transaction between the parties hereto constitutes a gift inter vivos, and not a gift causa mortis.

5. **Instructions.**

Instructions examined in the instant case, and held to be a correct statement of the law applicable to the facts as disclosed by the evidence.

(Syllabus by Davis. C.)

Error from District Court, Payne County; John P. Hickam. Judge.

Ejectment by Mary Conrad against R. J. Funnell. Verdict and judgment for plaintiff, and defendant brings error. Affirmed.

Mont. F. Highley and C. C. Suman, for plaintiff in error.

E. G. Wilson for defendant in error.

Opinion by DAVIS. C. This action was instituted in the district court of Payne county, Okla., by Mary Conrad, defendant in error, against R. J. Funnell, plaintiff in error, to recover possession of lots 1, 2, 3, 4. 5, 6, 7, 8, 9, 10, 11, and 12, in block 72. South addition to the town of Cushing, Payne county. Okla. It is an ordinary action in ejectment. Upon the issues being formed the cause was submitted to a jury, and a verdict returned in favor of the defendant in error, plaintiff below. The parties will be referred to as they appeared in the trial court: that is. plaintiff in error as defendant, and defendant in error as plaintiff.

Under the first assignment of error it is alleged that the trial court committed error in permitting the plaintiff to file a reply to the answer of the defendant after the jury had been sworn to try the cause and after a motion had been made for judgment on the pleadings. An examination of the record discloses that on 29th day of April, 1916, counsel for defendant filed an answer to the petition of plaintiff. The answer thus filed consisted of a general denial. On the 7th day of March, 1917, without leave of court first having been obtained, or without any notice being given to plaintiff or her counsel. defendant filed an amended answer, in which affirmative relief was asked against plaintiff. The cause was called for trial on the 10th day of March, 1917. A jury was duly called, selected. and sworn to try the issues in said cause. Plaintiff was then placed on the stand for the purpose of giving her testimony, at which time counsel for defendant moved the court for judgment on the pleadings. This motion was overruled, whereupon counsel for plaintiff requested to be permitted to file a reply instanter. This request was granted, and a reply was thereupon filed. Defendant is in no position to urge error upon the part of the court in thus permitting a reply to be filed. Three days prior to the time this case was called. and long after the issues were joined. without notice to plaintiff or her counsel, or leave of court, he filed an amended answer; he announced ready for trial, and, when the jury had been impaneled to try said cause. a motion was made for judgment on the pleadings. The court might well have treated his amended answer as a nullity. Hopkins et al. v. Cothran; 17 Kan. 173: Nooner v. Short, 20 Kan. 624.

Section 4757, Rev. Laws 1910. vests the trial judge with a discretion to permit pleadings to be filed out of time, and his decision thereon will only be reversed here, where

such discretion is shown to have been abused. Checotah Hard. Co. et al. v. Hensley, 42 Okla. 260, 141 Pac. 422; City of Lawton v. Kelley, 62 Okla. 291, 162 Pac. 1081.

There is nothing in the instant case that even tends to show any abuse of discretion in permitting a reply to be filed in this case. The necessity for exercising this discretion was made necessary by the act of counsel for defendant by filing an amended answer without notice to plaintiff or leave of court. It is not urged here, nor was it urged in the trial court. that the permission granted plaintiff to file a reply changed the issues in said cause. The contention here urged must be denied.

The next assignment of error upon which a reversal of this cause is sought is error of the court in admitting incompetent, irrelevant, and immaterial evidence. At the trial of this cause it appeared that in 1912 the defendant executed certain deeds by which he conveyed to his children the amount of property that he desired each to receive from his estate at his death. These deeds were by defendant recorded and delivered to a daughter of defendant. One of the deeds thus executed conveyed to plaintiff herein the land in controversy. Nothing further was done for some two years. It was the contention of defendant that these deeds were not to be delivered to the respective grantees until after his death. The defendant was a man at this time about 67 years of age, and claims that he did not hope to live any great length of time, and desired to get his business affairs arranged prior to his death, and devised this method of disposing of his property, so that an administration of his estate would be unnecessary. It appears, however, that defendant took a new lease of life after the execution of the deeds, and, although nearing his allotted time of three score and ten years. he decided that it was not good for a man to be alone, and decided to take unto himself a spouse. He had been married twice before, and had a numerous progeny by his former wives. His last spouse was many years his junior. The union of December and June did not prove compatible. A short time after his marriage trouble arose. There appear to have been numerous separations and reconciliations, until at last the trouble terminated in a divorce action wherein he was defendant. His wife alleged extreme cruelty, and asked for a divorce, costs, and alimony. It was stated in the petition in this divorce action that defendant was a man possessed of property valued at $27,000. This cause was tried in 1914. Defendant filed an answer in which he denied the allegation as to his wealth, and under the solemnity of an oath stated that all the property he possessed consisted of a horse worth about $75 and household goods valued at about $50. It appears that when this divorce action was instituted, and it seemed probable that plaintiff would be awarded temporary and permanent alimony, defendant had a consultation with his attorneys, and went immediately to his daughter, Maude Hermanstoffer, with whom he had left the deeds in 1912. and authorized her to make immediate delivery of all the deeds to the respective parties to which the property had been delivered; that in compliance with this request the deed in question was delivered to plaintiff.

The defendant at the trial of his cause attempted to deny that he had ever made a delivery of the deed under which plaintiff claimed title, or that he had ever parted with the legal or equitable title to the property in controversy. The pleadings in the divorce action were offered in evidence for the purpose of impeaching his testimony on this point. In this action of the court, in permitting the pleadings in the divorce action to be offered for the purpose of impeaching the testimony of defendant, there was no error. It appears that he not only filed a sworn answer, in which he stated that he was possessed of only $125 worth of property, but the record further shows that he appeared in court and testified to said fact when the divorce was obtained and alimony awarded. This evidence was certainly admissible to controvert a position. assumed two years after the divorce action. wholly inconsistent with the position assumed in the divorce action as to the particular property in question.

It is next urged that the court committed error in overruling the demurrer interposed by defendant at the concusion of the evidence offered in chief upon the part of plaintiff. We have examined the evidence offered upon the part of plaintiff as to the execution and delivery of the deed under which she claimed title and right of possession to the property in controversy. There was no error in the action of the court in this respect, as the direct and positive testimony of plaintiff was to the effect that the defendant had executed the deed in 1912. and made a full and complete delivery of the deed to her in 1914, when the divorce action was pending.

Under assignment of error No. 7 much complaint is made of the action of the trial judge in permitting the deed under which plaintiff claimed title and right of possession to be introduced. The particular objection leveled against this action of the court is

based upon the fact that the deed was executed by mark, and that the acknowledgment taken by the notary public before whom it was acknowledged does not conform to the statutory requirement. Section 1180, Rev. Laws 1910, provides, when real estate is conveyed or incumbered by an instrument in writing by a person who cannot write his name, he shall execute the same by his mark, and his name shall be written near such mark by one or two persons who saw such mark made, who shall write their names on such instrument as witnesses. The deed in question was executed under the foregoing section and complies in all respects therewith. The acknowledgment does not conform to the requirements of said section as to the form of the certificate that should be made by the notary taking said acknowledgment, but the notary who took the acknowledgment used the usual form of certificate. As no acknowledgment was essential to the validity of the deed as between the original parties, the objection as to the form of acknowledgment becomes immaterial Section 1154, Rev. Laws 1910, provides that no acknowledgment shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto. Horn v. Bobier, 72 Okla. 119, 178 Pac. 664.

Under assignment No. 8 it is urged that the transaction between plaintiff and defendant should be construed to be a gift causa mortis, and not a gift inter vivos. There is nothing in the record to support the contention here made that this transaction was a gift causa mortis. The undisputed evidence shows that, while the defendant had been seriously ill in 1911, yet when the deed in controversy was executed, that he went to an attorney's office and consulted counsel as to the proper manner the estate in controversy should be disposed of. This transaction does not possess one element essential to contitute a gift causa mortis. One of the essential elements necessary to a gift causa mortis is that the delivery must be made in expectation of death. Apache State Bank v. Daniels, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520; Crook v. First National Bank of Baraboo, 83 Wis. 31, 51 N. W. 1131. 35 Am. St. Rep. 17.

The delivery of the deed in question was not made in expectation of death, but in expectation that the wife of defendant was going to recover a judgment for alimony and attorney's fee in an action for divorce.

When the delivery was made to plaintiff of the deed in question the transaction was closed, and plaintiff became vested with the legal and equitable title to the property described in said instrument, which could not be revoked by defendant after delivery thereof. That there was an intention to give this particular property to plaintiff is settled beyond controversy, and this intention accompanied by a delivery of the deed and acceptance by plaintiff placed the power of revocation out of the hands of defendant. Manning v. Maytubby, 42 Okla. 414,141 Pac. 781.

The foregoing assignments of error dispose of all the questions that are necessary to a determination of this cause. The record discloses that the only question presented in this case was whether or not there had been a delivery of the deed in question. This point was sharply controverted; the jury found that there had been a delivery. This conclusion is supported by the evidence and all the circumstances surrounding this entire transaction. The question was submitted to a jury under instructions that properly stated the law applicable thereto. There was no prejudicial error committed at the trial of this cause, but we feel that complete and adequate justice was done, and that the judgment of the trial court should not be disturbed.

We therefore recommend that the judgment of the lower court be in all things affirmed.

By the Court: It is so ordered.