## STARR et al. v. VAUGHN.

No. 15610—Opinion Filed Sept. 8, 1925.

Rehearing Denied Nov. 17, 1925.

(Syllabus.)

1. **Appeal and Error—Questions Presented —Preserving Error.**

Questions of whatever nature not raised and properly presented for review in the trial court will not be noticed on appeal, and, where counsel declares in the trial in open court that only a certain question is involved in a case, or where, by stipulation, the case is submitted only on a certain question, other questions cannot be raised in the appellate court.

2. **Bills and Notes—Mortgages—Contemporaneous Instruments as One Contract.**

In a transaction where one or more notes are executed and mortgage given to secure the payment of the same, all the instruments contemporaneously executed pertaining to the same transaction should be construed together as one contract.

3. **Signatures—Witnesses—Names Signed by Notary—Acknowledgment by Grantors as Adoption of Signatures.**

In a case where the grantor is unable to write, and the notary, or other officer taking the acknowledgment, signs the grantor's name to a real estate mortgage, but does not sign his name as a witness to the signature of the grantor, two other persons signing as witnesses to the signature, the certificate by the notary or other officer of the grantor's acknowledgment is a sufficient compliance with the statute, as such an acknowledgment by the grantor is an adoption of his signature.

4. **Homestead—Validity of Mortgage by Husband and 16 Year Old Wife Where Property Owned by Him Before Marriage.**

Section 5237. Comp. Stats. 1921, providing that "any persons of whatsoever· age, who have been legally married and who are otherwise qualified, may dispose of and make contracts relating to real estate acquired after marriage," authorizes a woman 16 years of age, when joined by her husband, to execute a valid mortgage covering real estate owned by the husband prior to their marriage and occupied by them subsequent to their marriage as a homestead, where the record showed the only interest she had in the real estate was the interest she acquired by her marriage to said husband and their occupancy of the land as a homestead.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by Jesse Vaughn against Ezekiel Starr et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Theo. D. B. Frear, for plaintiffs in error.

Frank Nesbitt, for defendant in error.

PHELPS, J. The record in this case discloses that on May 6, 1918, one Luke Duffield went, in company with Ezekiel Starr and Edna Starr, to the office of H. E. Dickson, an attorney of Grove, Okla., where the note and mortgage in question were executed. Ezekiel Starr and Edna Starr were unable to read or write, but prior to the execution of the instruments in question they were read to Ezekiel Starr and Edna Starr by Mr. Dickson. Mr. Dickson then signed the names of said parties to the instruments and both parties signed by their mark, the instruments being witnessed by Curtis Gault and Tipton Rogers, and the mortgage acknowledged before Mr. Dickson, a notary public. The note in question was for $1,500. payable to Minnie Fields, providing for interest and attorney's fees, and the mortgage was given upon the land described therein to secure the payment of the note, and was on May 9, 1918, placed of record in Delaware county, Okla.

On May 11, 1918, Minnie Fields, the payee, indorsed the note and assigned the mortgage to J. E. Crawford, who thereafter and before maturity indorsed the note "without recourse" and assigned the mortgage to W. E. Fisher, and before maturity W. E. Fisher indorsed the note "without recourse" and assigned the mortgage to Jesse Vaughn, defendant in error herein, who was plaintiff below.

When the note fell due it was not paid, and on August 10, 1923, defendant in error filed his action in the district court of Delaware county, Okla., praying judgment on the note and foreclosure of the mortgage. Shortly after the execution of the note and mortgage Ezekiel Starr was declared incom-

petent and J. C. (Cale) Starr was appointed his guardian, and the action was commenced against Ezekiel Starr, J. C. (Cale) Starr as his guardian, Edna Starr, and Minnie Fields. It appears, however, that no service was ever had on Minnie Fields.

Defendants filed their answer, denying generally the allegations of plaintiff's petition, further alleging that the note and mortgage were void because of the incompetency of Ezekiel Starr at the time of their execution; that they were void because of fraud practiced on Ezekiel Starr and Edna Starr in the procurement of the same; that the note and mortgage were void because not executed as provided by law, and were void because at the time of their execution Edna Starr was a minor. The cause went to trial before a jury, and at the close of the evidence it was determined by the court that there was no disputed question of fact for the jury's consideration, but only questions of law for the court. The jury was discharged, and upon a consideration of the questions of law by the court judgment was rendered for the plaintiff for the amount sued for and for the foreclosure of the mortgage, the court finding in its judgment that:

"It was agreed that there was no question of fact to submit to the jury and that said jury be discharged, which was by the court ordered. It was further agreed that there were two questions, viz.: (A) The effect of the minority of the defendant Edna Starr on the note and mortgage sued on; (B) whether the manner in which the note and mortgage were executed by Ezekiel Starr and Edna Starr amounted to a legal execution, it being agreed that both were questions of law and not of fact."

It therefore appears that the parties by stipulation agreed upon the questions which they thought should be settled and the case was submitted upon these two questions only, although plaintiffs in error devote considerable space in their brief to other questions. We will not consider the same herein for the reason that the parties, having agreed to the questions to be determined by the court as expressed in the court's journal entry of its judgment, are bound thereby.

In Whitener v. Moss, 71 Okla. 57, 175 Pac. 223, this court said:

"The rule is of almost universal application that questions, of whatever nature, not raised and properly presented for review in the trial court, will not be noticed on appeal. And where counsel declares in the trial in open court that only a certain question is involved in the case, or where, by stipulation, the case is submitted only on a certain question, other questions cannot be raised in the appellate court. This question was before the court in the early case of Little Company v. Burnham, etc., Co., 5 Okla. 283, 49 Pac. 66. In that case the journal entry and an amendment to the record shows that: 'Both parties elected to submit the case upon the question of the validity of the chattel mortgage in question.'"

The question there raised was whether the possession taken by another under a transfer by way of pledge could, after such agreement in court, be considered on appeal. This court refused to consider the question so raised, and that has been the rule followed by this court.

We will now pass to a consideration of the questions determined by the court below, viz.: Are the note and mortgage void because not executed by Ezekiel Starr and Edna Starr as required by law? And is the mortgage void because Edna Starr was not of age when she executed it? The makers of this note and mortgage signed by mark in the presence of two witnesses, but the notary public taking the acknowledgment did not, in his certificate, say that said instrument was executed in the presence of two witnesses, naming them as required by section 5277, Comp. Stats. 1921, but instead used the regular form of acknowledgment provided for by section 5276, Comp. Stats. 1921. We cannot agree with counsel for plaintiffs in error that this failure on the part of the notary public to strictly comply with the terms of the statute renders the mortgage in question void as between the maker and the assignee of the payee. There was a clause in the mortgage as is usual, providing that the makers—

"Do, by these presents, grant, bargain, sell and convey unto the said party of the second part, **her heirs and assigns**, all the following described real estate."

It will, therefore, be observed that the defendant in error, being an innocent purchaser for value of the note and mortgage in question in so far as the acknowledgment is concerned, stands in exactly the same position that the original payee stands in with the maker of the instrument, and as between them an irregularity in the acknowledgment can avail plaintiffs in error nothing, for as between these parties the instrument would be valid even without an acknowledgment.

In Funnell v. Conrad, 74 Okla. 29, 176 Pac. 904, this court had that question under consideration, and in the body of the opinion used this language:

"Under assignment of error No. 7 much complaint is made of the action of the trial

judge in permitting the deed under which plaintiff claimed title and right of possession to be introduced. The particular objection leveled against this action of the court is based upon the fact that the deed was executed by mark, and that the acknowledgment taken by the notary public before whom it was acknowledged does not conform to the statutory requirement. Section 1180, Rev. Laws 1910, provides, when real estate is conveyed or incumbered by an instrument in writing by a person who cannot write his name, he shall execute the same by his mark, and his name shall be written near such mark by one or two persons who saw such mark made, who shall write their names on such instrument as witnesses. The deed in question was executed under the foregoing section and complies in all respects therewith. The acknowledgment does not conform to the requirements of said section as to the form of the certificate that should be made by the notary taking said acknowledgment, but the notary who took the acknowledgment used the usual form of certificate. As no acknowledgment was essential to the validity of the deed as between the original parties, the objection as to the form of the acknowledgment becomes immaterial. Section 1154, Rev. Laws 1910, provides that no acknowledgment shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto. Horn v. Bobier, 72 Okla. 119 178 Pac. 664."

The error which counsel for plaintiffs in error falls into in his brief is in assuming that defendant in error herein is a third party, and he makes his argument and cites his authorities upon that basis, but in the absence of any other or third party claiming any interest in the subject-matter adverse to the assignee of the payee, so far as their rights are affected by the acknowledgment, the assignee would stand in the same relation to the payor as the original payee would have stood had the assignment never been made.

The record discloses that, as neither Ezekiel Starr nor Edna Starr could read or write, after the note and mortgage were prepared and read to them by Mr. Dickson, the lawyer and notary public, they made their mark on both the note and mortgage, which was witnessed by Curtis Gault and Tipton Rogers; thus it appears that the person who wrote the names of Ezekiel Starr and Edna Starr to the note and mortgage did not sign as a witness as provided by statute, but the mortgage was acknowledged by Ezekiel Starr and Edna Starr before Mr. Dickson as notary public, and it is the contention of counsel for plaintiffs in error that this does not amount to a legal signature

or execution on the part of the makers of the note and mortgage.

The note and mortgage were made and signed contemporaneously. On the face of the note we observe the following notation:

"Sec. by mtg. N. W. N. E. ¼, and ½ of N. E. N. E. ¼, sec. 33, twp. 25, N. R. 24 E. Del. Co. Okla."

And in the body of the mortgage we find this statement:

"This conveyance is intended as a mortgage to secure the payment of one promissory note of even date herewith; one for $1,500 due May 6, 1920, made to Minnie Fields, or order, payable at the First National Bank of Grove, Okla., with ten (10%) per cent. interest per annum from date, payable annually, and signed by first parties."

Thus we see beyond question that the notation on the note refers to the mortgage and the recitation in the mortgage refers to the note in question. Therefore, the execution of the two instruments clearly appears to be one and the same transaction. In a transaction wherein one or more notes are executed and mortgage given to secure the payment of the same, all the instruments contemporaneously executed pertaining to the same transaction should be construed together as one contract. Rennie v. Oklahoma Co., 99 Okla. 217, 226 Pac. 314; Oklahoma City Development Co. v. Picard, 44 Okla. 674, 146 Pac. 31; 27 Cyc. 1135; First National Bank v. Peck, 8 Kan. 660.

In Hill v. Moore, 46 Okla. 613, 149 Pac. 211, this question was under consideration by this court, when the following language was used in the first paragraph of the syllabus:

"In a case where the grantor is unable to write and the notary, or other officer taking the acknowledgment, signs the grantor's name to the deed, but does not sign his name as a witness to the signature of the grantor, two other persons signing as witnesses to the signature, the certificate of the notary or other officer of the grantor's acknowledgment is a sufficient compliance with the statute, as such an acknowledgment by the grantor is an adoption of the signature."

Therefore, it is our conclusion that, although the signatures were not attached to the note and mortgage in compliance with the strict letter of the statute, in view of the authorities herein cited, the execution of the note and mortgage being contemporaneous and the mortgage being acknowledged before a notary public, the execution of the same constituted a sufficient compliance

with the statute. Counsel for plaintiffs in error cite a number of authorities to the contrary, but a careful examination of these authorities discloses in each case a different state of facts from the facts in the case at bar.

Plaintiffs in error further contend that the mortgage in question was void for the reason that when it was executed Edna Starr was a minor. The record discloses that at the time of the execution of this note and mortgage Edna Starr was the wife of Ezekiel Starr; that the land mortgaged was Ezekiel Starr's Indian allotment, and that they were living upon the land.

Section 4976, Comp. Stats. 1921, provides that:

"A minor cannot give a delegation of power, nor, under the age of 18 make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control, except as otherwise specifically provided."

And section 5237, Comp. Stats. 1921, provides that:

"Male persons of the age of 21 years, and female persons of the age of 18 years, being otherwise qualified thereto, and all persons upon whom the rights of majority have been conferred, and corporations, to the extent and in the manner authorized by law, owning real estate in the state of Oklahoma, may mortgage, convey or otherwise dispose of, or make any contract relating to, real estate or any interest therein: Provided, that any persons of whatsoever age, who have been legally married and who are otherwise qualified, may dispose of and make contracts relating to real estate acquired after marriage."

It will be observed that minors who have been legally married may dispose of and make contracts relating to real estate acquired after such marriage, which privilege is no doubt the exception referred to in section 4976, supra, "except as otherwise specifically provided." The only interest that Edna Starr had in the land covered by this mortgage was the interest that she acquired by her marriage to Ezekiel Starr and their occupancy of the land as a homestead. Before section 5237, supra, was amended it read as follows:

"All male persons of the age of 21 years. and all females of the age of 18 years, and all persons who have been legally married of whatever age, and all corporations to the extent authorized by law, may take title to, hold mortgage, convey, or make any contract relating to real estate or any interest therein." Laws 1897, c. 8, sec. 1.

It will be observed that under the present statute minors may convey only such real estate as they acquire after marriage, while under the law before it was amended all persons who have been legally married of whatever age could convey. Crump v. Guyer, 60 Okla. 222, 157 Pac. 321.

We can see no sound logic in the claim that, although a man past 21 years of age may convey or incumber his real estate prior to his marriage, yet he is prohibited from doing so if he should marry a woman under 18 years of age. Since the only interest that Edna Starr had in this land was the homestead interest of the wife acquired by her marriage to Ezekiel Starr, and their moving upon the land to make it their home, we have no difficulty in arriving at the conclusion that the trial court was right when it found that the mortgage executed by the husband and wife, although the wife was but 16 years of age, was a valid mortgage.

The judgment of the district court is therefore affirmed.

NICHOLSON, C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. pp. 689, 692, § 580. (2) 8 C. J. p. 199, § 330; 27 Cyc. p. 1135; anno. 43 L. R. A. 472; 3 R. C. L. 870; 1 R. C. L. Supp. p. 907 et seq.; 5 R. C. L. p. 206. (3) 27 Cyc. p. 1112; 22 L. R. A. 297; 1 R. C. L. p. 261. (4) 31 C. J. p. 1028, § 83 (Anno).