## FIRST NAT. BANK OF ROFF et al. v. GOOD et al.

No. 16372. Opinion Filed Jan. 4, 1927.

Rehearing Denied Nov. 1, 1927.

(Syllabus.)

1. **Process—Invalidity of Service—Leaving Summons with Keeper of Hotel Where Defendant Had Been Guest.**

Where an officer, in an attempt to serve process of summons on a defendant, leaves such summons with the keeper of the hotel where the defendant had been a guest, and said hotel keeper was not a member of the defendant's family, such service is invalid and void.

2. **Homestead — Invalidity of Mortgage Without Wife's Signature.**

A mortgage executed by the husband upon the homestead without the wife's signature is void.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Lillie Good, nee Morris, and others against the First National Bank, of Roff and another. Judgment for plaintiffs and defendants bring error. Affirmed.

See, also, 88 Okla. 110, 211 Pac. 1051.

Wilbur L. Bullock and King & Crawford, for plaintiffs in error.

McKeown & Green, for defendants in error.

LESTER, J. The parties to this action will be referred to as they appeared in the district court.

The plaintiffs instituted this action in the district court of Pontotoc county on the 2nd day of February, 1918, against the First National Bank of Roff, Okla., et al., defendants, to recover possession of 45 acres of land located near the town of Roff, Pontotoc county, Okla., and for the cancellation of certain mortgages and judgment of record affecting the title to said land.

The petition filed by the plaintiffs pleaded two causes of action. The first cause was in ejectment. The second cause of action was in the nature of an action in equity, asking the court to decree certain mortgages executed upon the land in controversy to be void for the reason that on the date of the execution of said mortgages Wharton H. Morris, the mortgagor, was a married man, and that the land attempted to be mortgaged was the homestead of Wharton H. Morris, and that the mortgages were not signed or executed by his wife, as required by the applicable constitutional and statutory provisions of Oklahoma, and that the decree of foreclosure entered on the 22nd day of March, 1913 foreclosing one of the mortgages executed by Wharton H. Morris, was void for the reason that no valid service of summons was ever had upon Wharton H. Morris in said action of foreclosure. in that the summons was left with I. D. Nichols, the keeper of the hotel where. the defendant, Wharton H. Morris. had resided, instead of serving the same upon the said Wharton H. Morris personally, or some member of Morris' family, as required by the statute. That after the rendition of judgment of foreclosure, and prior to any order of sale issuing, Wharton H. Morris, the defendant in the foreclosure action, died, and that an order of revivor was made, reviving the action in the name of J. W. Morris, as the administrator of the estate of Wharton H. Morris, deceased. That the order of revivor is void for the reason no notice to revive was given as required by law, and that J. W. Morris attempted to accept service of notice to revive several days prior to the date on which he was appointed administrator of the estate of said Wharton H. Morris. deceased. The plaintiffs alleged that they were the sole and only heirs at law of Wharton H. Morris, deceased, and by reason thereof inherited the lands in controversy. and were the legal and equitable owners thereof. In our view of the case we deem it unnecessary to set out the petition in full, but it is sufficient to say that the petition attacked the decree of judgment of foreclosure upon the ground that the court was with-

out jurisdiction to enter the judgment of foreclosure.

The defendants filed answers containing general denials, and set up certain affirmative defenses. Plaintiffs filed reply, denying all of the affirmative matter pleaded by the defendants. The cause came on for trial on February 28, 1919, and the defendants filed motion for judgment on the pleadings. Plaintiffs, after the filing of said motions by the defendants, filed motion for judgment on the pleadings.

The trial court rendered judgment sustaining the motion of the defendants for judgment on the pleadings, and the plaintiffs thereupon prosecuted an appeal to this court, and this court on said appeal reversed the said cause, with certain directions. Upon this cause being reversed it was sent back to the district court, where it was tried. which trial resulted in a judgment for the plaintiffs, from which judgment the defendants prosecute this appeal.

The plaintiffs sought to recover the real estate in question upon the grounds that Wharton H. Morris, at the time he executed the mortgage which was foreclosed, was a married man, that the said real estate was the homestead of said Wharton H. Morris, and that the wife of said Wharton H. Morris did not sign the said mortgage.

It was further claimed by the plaintiffs that the mortgagee, when he attempted to foreclose said mortgage, did not secure legal service upon said Wharton H. Morris, the mortgagor.

This court, in its former opinion. said, in part (Good et al. v. First National Bank of Roff, 88 Okla. 110, 211 Pac. 1051):

"The liberal construction in favor of the pleader would justify the inference that the invalid service of summons appeared from the judgment roll, although not specifically alleged by the pleader. But, undoubtedly, under the allegation of the petition the plaintiffs would be entitled to offer in evidence the judgment roll in support of this allegation. If the judgment roll disclosed that the judgment is void for want of jurisdiction in the court to enter the judgment, then the plaintiffs are within their right in attacking the judgment collaterally. Under the rule announced in Pettis v. Johnston, supra, if a judgment had been rendered against a party on a false return, it may be vacated within three years after the rendition of judgment or order upon motion in the same action, or, if such judgment is not discovered until after * * * three years by a party affected

thereby, then upon proper showing an action in equity may be maintained for the vacation of such judgment. It is apparent that a judgment rendered upon a fraudulent or false return could be attacked in equity upon proper showing. The summons and the sheriff's return thereon being part of the judgment roll, the recital in the judgment of legal service of summons having been made, must be construed in connection with that part of the record showing the summons and return. The judgment roll, which gives the official evidence prescribed by statute, the summons and the sheriff's return, is the official evidence that the court acted upon in entering a decree that valid services of summons had been made. In determining the validity of a judgment collaterally attacked, the summons, return, and journal entry of judgment must be read together. Settlemier v. Sullivan, 97 U. S. 444, 24 L. Ed. 1110; Knapp v. Wallace et al., 50 Ore. 348, 92 Pac. 1054, 126 Am. St. Rep. 742.

"Where the return of the officer, which is the legal evidence of the service of summons, is inconsistent with the recitals in the judgment, the former will control. Stubbs et al. v. McGillis et al., 44 Colo. 138, 96 Pac. 1005, 18 L. R. A. (N. S.) 405, 130 Am. St. Rep. 116; 18 Enc. Pl. Pr. 987; Galpin v. Page, 18 Wall. 366, 21 L. Ed. 962."

It appears from the evidence that the summons which had been issued in the original foreclosure proceedings was lost from the files. The officer who attempted to make service on the defendant, Wharton H. Morris, testified in part as follows (C.-M. 191):

"A. The best I remember, I tried to serve some paper, but did not find the party. Q. Who did you leave it with? A. I D. Nichols. the hotel where he was staying."

I. D. Nichols, to whom the summons was delivered, testified in part as follows (C.-M. 186-188):

"Q. State your name. A. I. D. Nichols. Q. Where do you live? A Roff. Q. How long have you lived there? A. Since 1901. Q. Were you there in 1912 and 1913? A. Yes, sir. Q. What business were you in, in 1912? A. Hotel business. Q. Know W. H. Morris in his lifetime? A. Yes, sir. Q. State whether or not he boarded at your place? A. He was boarding with me sometime in 1912. By Mr. King: We object; incompetent, irrelevant, immaterial. By the Court: Overruled. By Mr. King: Exception. Q. You recall an officer coming to your place of business with a paper summons? A. Yes, sir. By Mr. King: We object; incompetent, irrelevant, immaterial. By the Court: Overruled. By Mr. King: Exception. Q. When was that?

A. It was the latter part of December, as well as I remember, that he gave it to me. Q. Was Mr. Morris at your place at that time? A. No, sir. Q. How long had he been gone? A. It has been so long I cannot remember. He told me he was going to Texas. By Mr. King: We move to strike out what he told him. By the Court: You know who was in there? A. No, sir. By Mr. Green: Did he ever return to Roff? A. A corpse."

It is shown by the record that the First National Bank, which was a purchaser of the property in the foreclosure sale, was made a party to the original suit brought by the mortgagee to foreclose said mortgage executed by Wharton H. Morris. Being a party to the original action, it became the duty of the said First National Bank to take notice and knowledge of the state of record in said cause, and, therefore, said First National Bank is not in the position of an innocent purchaser.

As shown by the record, it clearly appears that the pretended service on Wharton H. Morris was wholly invalid and void. It is urged by the defendant, the First National Bank, that the court, in connection with the testimony tending to show invalidity of service upon said Wharton H. Morris, committed prejudicial error in giving of certain instructions in relation thereto. We have examined these instructions, and do not think that they are open to the objections urged by the defendants.

The defendants in the original brief in the instant case directed their whole argument and brief to the alleged errors of the court affecting question of invalidity of the service upon Wharton H. Morris; however, in their supplemental brief it is urged that the evidence did not support the judgment of the court in finding that the real estate in question was the homestead of said Wharton H. Morris at the time he placed the mortgage upon same.

We have examined the record fully on this proposition, and in our judgment we think that the evidence fully sustains the judgment of the court on this question.

From a careful examination of the entire record, we are unable to find any prejudicial error that would justify this court in reversing the judgment of the trial court, and the same is, therefore, affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, and HUNT, JJ., concur.

Note.—See under (1) 32 Cyc. p. 465; anno. 21 L. R. A. (N. S.) 344; 21 R. C. L. p. 1280 et seq.; 4 R. C. L. Supp. p. 1446. (2) 29 C. J. p. 885, §259; 13 R. C. L. p. 642; 3 R. C. L. Supp. p. 68; 6 R. C. L. Supp. p. 769.