**James P. CORE, Appellee,**

v.

**Art NAVE and Carol Nave, Appellants.**

**No. 68383.**

Court of Appeals of Oklahoma,
Division I.

April 4, 1989.

Rehearing Denied April 25, 1989.

Terry P. Malloy, Tulsa, for appellants.

Floyd Rollins, Collinsville, for appellee.

### MEMORANDUM OPINION

HANSEN, Judge:

This appeal involves a case of first impression in the State of Oklahoma. The order from which this appeal is taken[1] stated: "These (three Supreme Court decisions) all stand for the proposition that a purchase money mortgage remains valid even without the knowledge, permission or consent of the wife." Under the Oklahoma Constitution and the statutes, we hold this to be error if homestead rights have already attached to the mortgaged property.

On January 1, 1974, Appellee James P. Core conveyed a tract of land to Appellant Art Nave by general warranty deed. The same day, Art executed a note and mortgage in return. His wife, Appellant Carol Nave, did not sign either the note or the mortgage. Later, Core and his wife executed a "Corrective General Warranty Deed" wherein they listed the grantees as Art Nave and Carol J. Nave, husband and wife as joint tenants. That deed also re-

---

1. The trial court overruled Appellants' motion for a new trial of this order.

flects execution on January 1, 1974. However, Carol did not sign a "corrective" note or mortgage. In fact, there is no document reflecting that Carol consented or had knowledge of the note and mortgage. Appellants testified that prior to the execution of the note and mortgage, they were living upon and occupying the property as their homestead.

Core instigated these proceedings against both Art and Carol to obtain a judgment on the note and to foreclose the mortgage. Art and Carol appeal from a judgment in favor of Core. The trial court granted judgment to Core based on the fact the mortgage was for purchase of the property. It relied on three Oklahoma Supreme Court decisions.

The first of the three decisions is *Boroughs v. Whitley*, 363 P.2d 150 (Okla.1961). That decision involved an equitable lien imposed on the homestead of Mr. and Mrs. Boroughs because Mr. Boroughs paid off their mortgage on the homestead from Whitley's share of partnership funds. In that decision there was no mortgage or lien foreclosure involved. Neither was there a question raised as to the validity of a mortgage on a homestead unsigned by one spouse. The court simply decreed that Whitley had an equitable lien against the homestead because the mortgage that was paid was a purchase money mortgage.

In *Zehr v. May*, 67 Okl. 97, 169 P. 1077 (1917), the primary issue was whether money paid by a third person to the grantor for the grantee was considered purchase money as against the homestead right of the grantee. The Court held it was, and that such advance by a third person subrogated him to all the rights of the grantor as regards to the grantor's vendor's lien. The Court held although the land may be impressed with the homestead character, it remained subordinate to the lien for the unpaid purchase price.

*Hamra v. Fitzpatrick*, 55 Okl. 780, 154 P. 665 (1916) dealt with the problem of waiver of a vendor's lien when the vendor took other security for the unpaid purchase money. Also in that decision, the husband and wife held title to the involved property as tenants in common, not as joint tenants,

and the vendor's purchase money judgment was against the husband only. The Court held the exemption against levy and execution on a homestead did not apply in such circumstances.

These decisions are all based on Art. 12 §§ 2 or 3 of the Oklahoma Constitution. These sections provide:

"§ 2 The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, *the spouse, if any, joining therein;* nor prevent the sale thereof on foreclosure to satisfy any such mortgage." (emphasis supplied)

"§ 3 ..... Provided, that no property shall be exempt for any part of the purchase price while the same or any part thereof remains in the possession of the original vendee, or in possession of any purchaser from such vendee, with notice: And Provided Further, Nothing in this Constitution shall prevent or prohibit any person from mortgaging or encumbering his personal exemptions."

None of the three decisions discussed the specific statute dealing with mortgages on a homestead. That statute, now codified as 16 O.S.1981 § 4, provides:

"........

No deed, *mortgage*, or contract affecting the homestead exempt by law, except a lease for a period not exceeding one (1) year, shall be valid unless in writing and *subscribed by both husband and wife,* if both are living and not divorced, or legally separated, except as otherwise provided for by law. ....." (emphasis supplied)

Decisions of the Supreme Court of Oklahoma are legion holding that a mortgage by a married person on the homestead of the family is void where his spouse does

not join in it.[2] However, Appellants do not call our attention to any such decision where homestead rights attached prior to execution of the purchase money mortgage. On the other hand, Core does not call our attention to any decisions holding a purchase money mortgage, unsigned by one spouse, may be foreclosed on a homestead, where the homestead rights attached prior to execution of the mortgage.

If homestead rights attach *after* execution of a valid mortgage, those rights are junior to such mortgage.[3] However, it is not necessary that Appellants show they had title to the property in order to claim homestead rights. Ownership in fee is not essential to establish a homestead right in land. Homestead rights may attach to any interest in real estate which constitutes the dwelling place of the family. Any interest in land, coupled with requisite occupancy, is sufficient to support a homestead exemption.[4] Although Appellants testified they occupied the property as a homestead some three months before January 1, 1974, the date of the deed, note and mortgage, Core disputes this fact, and the trial court made no finding in this area.

Article 12 § 2 authorizes a mortgage on a homestead if the *spouse joins therein.* It makes no exception to this requirement for purchase money mortgages. 16 O.S. 1981 § 4 makes it clear that *no* mortgage affecting the homestead is valid without subscription by both spouses. It makes no exception for purchase money mortgages. Neither does the case law holding mortgages on the homestead are void without signatures of both husband and wife make an exception for purchase money mortgages.

We therefore hold that any mortgage on a homestead must be subscribed by both spouses if both are living and not divorced. However, as a caveat to this holding, the trial court must make a finding that homestead rights attached prior to the execution of the mortgage. The trial court made no such finding herein. Accordingly, we reverse and remand with directions to the trial court to determine when Appellants' homestead rights attached to the involved property.

Again, it must be pointed out that even if the trial court finds the mortgage to be void on this basis, the decisions cited by the trial court are still viable, and Appellee may still have an action on a vendor's lien for the purchase price. This is the law, even if it maybe argued that one joint tenant cannot encumber the interest of another joint tenant.[5]

REVERSED AND REMANDED.

HUNTER, P.J., and MacGUIGAN, J., concur.

**2.** *Douglass v. Clutts,* 207 Okl. 434, 250 P.2d 31 (1952); *In re Carothers' Estate,* 196 Okl. 640, 167 P.2d 899 (1946); *Standard Savings & Loan Association v. Acton,* 178 Okl. 400, 63 P.2d 15 (1936); *First National Bank v. Good,* 127 Okl. 251, 260 P. 473 (1927); *Pettis v. Johnston,* 78 Okl. 277, 190 P. 681 (1920); *Horn v. Bobier,* 72 Okl. 119, 178 P. 664 (1918); *McCurry v. Sledge,* 48 Okl. 27, 149 P. 1124 (1915); *McCammon v. Jenkins,* 44 Okl. 612, 145 P. 1163 (1915).

**3.** *Van Meter v. Field,* 195 Okl. 555, 159 P.2d 546 (1945).

**4.** *Mercer v. McKeel,* 188 Okl. 280, 108 P.2d 138 (1940); *Montgomery v. Wise,* 179 Okl. 247, 62 P.2d 647 (1936); *Lehman v. Tucker,* 176 Okl. 286, 55 P.2d 62 (1936).

**5.** *American National Bank and Trust Company of Shawnee,* 571 P.2d 1198 (Okla.1977).