ALTON-DAWSON MERCANTILE COMPANY, a *Corporation*, v. JAMES
M. STATEN *et ux.*

(Filed September 5, 1907.)

(91 Pac. 892.)

1.    APPEAL—Review—Harmless Errors. Although a petition fails to
      state a cause of action for affirmative relief in the first instance,
      still, where the defendant files an answer and cross-petition and
      the facts pleaded in the petition constitute a defense to the
      cross-petition, and the parties go to trial on such pleadings, and
      the court, on the merits, finds against the cross-petitioner, mere
      irregularities will be ignored, and only those errors considered
      which may have affected the substantial rights of the parties.

2.    MORTGAGES—Foreclosure—Defenses—Fraud and Want of Con-
      sideration. Where a mortgage on real estate is executed without
      consideration, and by reason of fraudulent representations made
      by the mortgagee to the mortgagors, such fraud and want of
      consideration may be shown at any time by the mortgagors in an
      action by the mortgagee to foreclose.

3.    APPEAL—Review—Sufficiency of Evidence. Where a judgment
      is reasonably supported by the evidence, it will not be disturbed
      on appeal to this court on the ground that it is against the
      weight of the evidence.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pan-*
*coast, Trial Judge.*

Affirmed.

*Shartel, Keaton & Wells,* and *H. A. Noah,* for plaintiff in
error.

*Snoddy & Son,* for defendants in error.

Opinion of the court by

BURWELL, J.: John W. Ashcroft and James M. Staten were
partners in the mercantile business at Aline, Woods county, Okla-
homa. The firm's creditors were pressing them for payment, but
the partners were' unable to raise the money to meet their obliga-
tions. They were indebted at the time to the Alton-Dawson Mer-

cantile Company in the sum of fifteen hundred dollars. James M. Staten and Cora Staten, his wife, on January 9, 1902, executed to the appellant two notes for this debt as follows: One note for eight hundred dollars, and one note for seven hundred dollars; and also executed to the appellant a mortgage to secure the payment of these notes on the northeast quarter of section four, in township twenty-three north of range eleven west, in Woods county, Oklahoma, which tract of land was the homestead of the mortgagors. On June 16, 1903, the plaintiffs herein commenced this action in the district court of Woods county praying for a cancellation of the mortgage. The defendant filed an answer and cross-petition, praying for a foreclosure of the mortgage in question. Judgment was rendered for the plaintiffs, and the defendant appeals to this court.

The plaintiffs alleged in their petition, and offered evidence tending to prove, that the agent of the Alton-Dawson Mercantile Company, one C. J. Tuohy, promised the members of the firm of Ashcroft-Staten Mercantile Co. that, if they would give his firm security for its claim, it and another firm (which was also given security under a similar promise) would protect them against bankruptcy and their other creditors and enable them to continue in business, which they wholly failed to do, and, as a result of such failure, the firm of Ashcroft-Staten Mercantile Company, although their assets were considerably in excess of their liabilities, were compelled to go through the bankruptcy court and their business sacrificed. The case was tried to the court and jury on special interrogatories. No general verdict was rendered. The jury found that C. J. Tuohy, the agent of the Alton-Dawson Mercantile Co., induced the plaintiffs to execute the mortgage in question by falsely and fraudulently representing to the plaintiffs that, if they would execute the notes and mortgage described above, his company would protect the firm of Ashcroft-Staten Mercantile Co. against its other creditors; that Tuohy stated to the mortgagors that if it was necessary his firm would purchase the claims of cer-

tain other creditors who were threatening to bring bankruptcy proceedings against the Ashcroft-Staten Mercantile Co.; that these representations were made by Tuohy for the purpose of inducing the mortgagors to execute the mortgage, but without any intention of keeping such promises; that these promises never were fulfilled in whole or in part by the Alton-Dawson Mercantile Co., and that the representations by Tuohy were the inducement which caused the plaintiffs to execute the notes and mortgage.

A number of questions are argued by counsel on the respective sides; but, while we have considered them all, we have discussed only such of them as we deem necessary to a fair determination of this case.

First, it is insisted that the petition of the plaintiffs below failed to state a cause of action, and that the court erred in overruling the demurrer thereto. In our opinion this point is immaterial. Even if equity will not cancel a mortgage simply because it was obtained through fraud and constitutes a cloud upon the title to real estate (which point we do not here decide), there is a remedy pointed out in the statute where the mortgagor is in possession, as in this case. By section 4787 of Wilson's Ann. Stat. of Oklahoma it is provided:

"An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein adverse to him, for the purpose of determining such adverse estate or interest."

Although the petition failed to state a cause of action for cancellation, as contended by appellee, it does not necessarily follow that the judgment of the court is erroneous. The defendant's cross-petition prayed for a foreclosure of the mortgage, and the evidence offered in behalf of the petitioners might have been introduced as a defense to the foreclosure, and the facts pleaded in the petition might have been pleaded in an answer as a defense. Therefore the error, if any were committed, related to mere matters of procedure, which have not in the least affected the substantial rights of the parties. Such irregularities will be

ignored by this court. *Willoughby, Rec. v. Ball,* 18 Okla. 535, 90 Pac. 1017. And, again, if the defendant had commenced the action to foreclose its mortgage, the court could have entered a judgment cancelling the mortgage, if it denied foreclosure. *First National Bank of Wellington v. Stewart* (Kan ) 54 Pac. 16.

Another question urged by the appellant is that the appellees delayed an unreasonable time before commencing the action to cancel the mortgage; that, to rescind a contract on the ground of fraud, one must act promptly. We have just held that the petition did not state a cause of action for cancellation, and it is only because the appellant asked for a foreclosure of the mortgage that we consider the merits of the case at all. The statute of limitation has not run as against the mortgage, nor were the mortgagors precluded from urging any defense they might have against the same. Both parties litigated their rights as fully as they could have done if the answer and cross-petition had been the petition, and the petition of the mortgagors the answer thereto. The real issues were presented by the pleadings, although informally, and the merits of the controversy decided by the court; and the time has come when courts should adopt rules that will attain the ends of justice, rather than build up technical theories which defeat or unreasonably delay litigants of their rights. We do not wish to be understood as in any way endorsing the theory that litigants should be bound by the theory on which a case is tried, rather than the pleadings. The pleadings are the foundation of a lawsuit. From them courts must determine the issues involved; but in the case before us the irregularity, if any, did not even amount to a reversal of the order of proof, for, the execution of the mortgage being admitted, the burden was on the mortgagors to show some state of facts that would defeat foreclosure.

The trial court found against the mortgagee. But we are not inclined to decide this case on the ground alone that the notes and mortgage were obtained by fraud. It is true that the trial court found in effect that they were obtained by fraud and false

representations, but there is one other feature to be considered, and that is, the land embraced in the mortgage was the homestead of the mortgagors. It was not liable for the debts of the firm. It was exempt property. The consideration for executing the mortgage, at least as far as Mrs. Staten was concerned, was the fulfillment of the promises made by Tuohy to the mortgagors and the firm, to the effect that the mortgagee would, if necessary, purchase the claims of certain creditors and aid them to continue in business. The trial court also found that these promises influenced Mr. Staten to execute the mortgage. The defendant (appellant) having wholly failed to keep those promises or any of them, there was no consideration for the mortgage as far as Mrs. Staten was concerned, and failure of consideration can be urged at any time against the original mortgagee. There is sufficient evidence to support the findings of the trial court, and, those findings having determined the issues of fact against the appellant, we are bound thereby. The appellant received the same dividend in the bankrupt proceedings as was paid to the other creditors of the Ashcroft-Staten Mercantile Co.; but, as to whether or not the receiving of such dividends estopped it from foreclosing this mortgage it is unnecessary to decide.

No valid reason having been urged why the judgment should be reversed, the same will be affirmed at the cost of appellant.

Pancoast, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.