RUBENDALL v. TALLA et al.

No. 30029. Dec. 9, 1941.

*119 P. 2d 851.*

 █

L. A. Winans and Robert E. Owens, both of Duncan, for plaintiff in error.

Brown & Cund, of Duncan, and Roper & Merson, of Oklahoma City, for defendant in error V. V. Harris.

GIBSON, J. This action was commenced in district court by Perry Rubendall against J. W. Talla and his wife, Lena Talla, and others, to foreclose a real estate mortgage executed by Talla and his wife and to quiet title as against the other defendants. All defendants except Vernon V. Harris either defaulted or disclaimed. Judgment was for defendant Harris on his cross-petition, and plaintiff appeals.

Harris claimed a superior vendor's lien on the mortgaged premises by reason of the following facts:

On January 5, 1931, Harris while owner of the premises entered into a written contract with the defendant Leland D. Iams whereby he agreed to convey the same to Iams for a consideration of $3,000, which Iams agreed to pay in the following manner: $200 cash in hand, and to indorse and assign to Harris a note in the sum of $1,500 executed by one Buckles, the payment of which Iams guaranteed, and further agreed that if said note was not paid to the satisfaction of Harris, Iams would execute a second mortgage on the premises to secure the amount of the unpaid note. Further, Iams was to execute a mortgage for $1,300 to secure a purchase price note in the same amount. Iams further agreed to obtain a farm loan, if possible, during the year 1931 and apply the proceeds to the $1,300 note, and in event the farm loan was not sufficient to retire the $1,300 note Harris agreed to accept a second mortgage for the balance remaining. But the farm loan aforesaid was not to be obtained until after the payment of the $1,500 Buckles note.

Deed was executed to Iams pursuant to the contract, the $200 paid, the mortgage for $1,300 executed, and the Buckles note indorsed and delivered to Harris. The deed and the contract and the mortgage were placed of record.

On October 23, 1937, Iams conveyed the land to defendant Talla by warranty deed, subject only to the $1,300 mortgage and certain mineral interests reserved in the deed executed by Harris as aforesaid.

Talla and his wife then executed the mortgage to plaintiff.

The $1,300 mortgage was released March 23, 1938, the day before the present mortgage was executed to plaintiff.

The Buckles note was not paid, and some two or three weeks after plaintiff's mortgage was placed of record Harris commenced suit in district court to establish a vendor's lien on the premises to satisfy the Buckles note. The suit went to judgment in favor of Harris. But the plaintiff was not made a party to that action.

Harris, as aforesaid, appeared in this action, asserting a vendor's lien under the written contract to secure the Buckles note. He also pleaded the judgment obtained in the other action mentioned above.

The trial court held that the written contract was a valid reservation of a vendor's lien so far as the Buckles note was concerned, and was superior to plaintiff's mortgage. It was further held that the present plaintiff was not a necessary party to the other action, and that he was bound by the judgment therein rendered.

Plaintiff contends that the provisions of the written contract were insufficient to put an innocent encumbrancer on notice of a claim to a vendor's lien.

It is well to set out here that portion of the contract which is controlling of this particular issue. It reads as follows:

"It is understood that the party of the second part guarantees the said R. E. Buckles note and in the event that R. E. Buckles does not make payment of the note when it becomes due or in a man-

ner acceptable to the party of the first part, then and in that event the party of the second part agrees to execute a second mortgage to the party of the first part in the amount of the unpaid note; it being understood between the parties hereto that said mortgage shall provide the same terms and payment privileges as specified in the first mortgage."

This provision can be interpreted in no other way than an agreement to execute an additional mortgage on certain real estate to secure the payment of a note given as a portion of the purchase price thereof.

The contract was recorded in the manner provided by statute. From the date it was filed for record it became constructive notice to subsequent purchasers or encumbrancers of the contents thereof. Section 9673, O. S. 1931, 16 Okla. Stat. Ann. § 16. When plaintiff accepted his mortgage the contract was of record. An examination of the contract would have revealed an agreement on the part of Iams to execute to Harris a second mortgage on condition a certain note was not paid. If this agreement was valid, the plaintiff certainly had ample notice to put him on inquiry. The rule is stated in Thomas v. Huddleston, 65 Okla. 177, 164 P. 106, as follows:

"Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it."

Inquiry would have revealed the outstanding claim of Harris and his right to insist on the additional mortgage as security.

But plaintiff asserts that by reason of certain facts and circumstances as revealed by the record, he was not obliged to make inquiry, and had a right to assume that the Buckles note had been paid to the satisfaction of Harris.

The facts and circumstances so relied on are that the contract mentioned no vendor's lien, but provided for a second mortgage to secure the sum evidenced by the note; that seven years had elapsed between the date of the execution of the contract and the execution of plaintiff's mortgage; that in 1937 Harris signed a waiver of the $1,300 mortgage in favor of an oil and gas lease executed on the land at that time, and made no mention of a claim of a second mortgage or other lien. It is insisted that any prudent man, in the face of these circumstances, would have presumed that the Buckles note had been paid, since no second mortgage had been filed.

But we find in these facts no sufficient evidence of estoppel or of intention on Harris' part to waive the additional security which he had a right to demand under the contract.

It is further urged that Harris is estopped by his deed to Iams from asserting any claim under the contract; that he cannot now say that he conveyed a lesser estate than the deed purports to convey.

This assertion might have had some merit had there been a merger of estates. But the contract and deed were portions of the same transaction, and the deed was executed pursuant to the contract and subject to its terms. It may as well be said that a grantor is estopped to assert any claim under a mortgage executed to him by his grantee to secure the purchase price unless the deed expressly except the mortgage from its operation. The contract clearly discloses an intention that the estate in fee and the mortgage or right to claim a mortgage should not merge. In such case there is no merger. Dowling v. Springer, 186 Okla. 656, 100 P. 2d 278.

Iams failed to live up to his agreement to execute a second mortgage to secure that portion of the purchase price represented by the Buckles note. Harris now seeks to enforce that agreement against plaintiff, a third party, who had notice thereof. More specifically, he in effect now resorts to equity for the purpose of establishing a mort-

gage under the contract and to foreclose the same. This he is entitled to do, and he has followed the proper procedure. Carter v. Sapulpa & I. Ry. Co., 49 Okla. 471, 153 P. 853. The rule is there stated as follows:

"It is a general rule that an agreement to give a mortgage or security on certain property, not objectionable for want of consideration, is considered in equity as a mortgage, upon the principle that equity will treat that as done which by agreement should be done."

Such an agreement creates a present charge upon the property and will be enforced in equity against the maker or a third person who has notice thereof. Owens v. Continental Supply Co., 71 Fed. 2d (C.C.A.) 862. In that case the court held as follows:

"Valid agreement to execute mortgage will be enforced in equity against maker or third persons who have notice thereof or who are volunteers."

Such is the situation in which the plaintiff now finds himself. In this action Harris pleads his contract for the mortgage and seeks to have equity establish it as a prior lien against one who had notice of the agreement to execute the mortgage.

Plaintiff has pleaded the statute of limitations, asserting that the Buckles note was the principal obligation which was secured by the asserted lien, and that the statute had run on that note. As authority he cites Bertram v. Moore, 160 Okla. 78, 15 P. 2d 589. It is contended that since the contract provided that the second mortgage, the one to secure the Buckles note, "shall provide the same terms and payment privileges as specified in the first mortgage," the Buckles note would fall due on the same day as would the $1,300 note, which was January 2, 1932, and that more than five years had elapsed before suit was commenced.

But, assuming that the due date of the Buckles note would be controlling in applying the statute, we find nothing in the contract upon which to base an assumption that said note was due at the same time as the $1,300 note executed by Iams. Neither do we find anything in the record to indicate the due date of the Buckles note. We cannot assume that it matured in a certain time. Plaintiff failed to establish his plea of the statute.

Plaintiff contends further that Harris waived his lien by taking other security from a third party in the form of the Buckles note.

He cites as authority certain language of the court in Griffin v. Smith, 143 Fed. (C.C.A.) 865, to the effect that the taking by the vendor of an independent security, such as a negotiable note of a third party, or a mortgage on other property, is prima facie evidence of a waiver of his vendor's lien.

The statement referred to may be correct, but where, as here, there is a specific agreement to the contrary, the rule could not apply. The agreement makes impossible an assumption of waiver.

So far as the rights of the present plaintiff are concerned, it is not necessary for us to determine the effect of the judgment rendered in the other action above mentioned.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.