DOUGLASS v. DOUGLASS et ux.

No. 32608.   Dec. 23, 1947.

*188 P. 2d 221.*

A. E. Pearson, of Oklahoma City, for plaintiff in error.

V. E. Stinchcomb, of Oklahoma City, for defendants in error.

HURST, C.J. This is an action by J. S. Douglass against the defendants, Paul L. Douglass and Ruth Douglass, his wife. The second amended petition contained two counts. In the first cause of action plaintiff sought cancellation of a deed executed by the plaintiff to Paul L. Douglass, his son, on October 10, 1938, covering a tract of six acres of land in Oklahoma county, because of failure of consideration, and for possession of the land. In the second cause of action, plaintiff asked, in the alternative, that he be decreed to have an equitable mortgage on the land and a foreclosure of the mortgage. The suit was commenced June 15, 1944.

The plaintiff alleged in the second amended petition that at the time of the execution and delivery of the deed, Paul L. Douglass orally agreed to execute and deliver to him a note in the sum of $5,000, bearing interest at the rate of 3 per cent per annum, due in five years, together with a mortgage on the land securing the note, said $5,000 being the purchase price of the land; that the defendants failed to execute said note and mortgage; that from time to time, about every six months or year thereafter, the plaintiff asked his son to execute the note and mortgage and the son promised to do so, and, being his son, plaintiff relied upon his promises and was thereby induced to delay the bringing of a suit; that such promises continued until about April, 1944, when the plaintiff again requested the son to execute the note and mortgage and the son then, for the first time, advised the plaintiff that he did not intend to give the note and mortgage but was going to keep the property. Plaintiff alleged that in 1943 he paid off a mortgage on the land, held by the Commissioners of the Land Office, amounting to $1,540, and that he also paid the taxes on the land for the three years last past.

The defendants filed separate demurrers to the second amended petition, the grounds of the demurrer being: (1) that the same does not state facts sufficient to constitute a cause of action; and (2) that the action is barred by the statute of limitations.

The court sustained these demurrers and, upon the plaintiff's refusal to plead

further, dismissed the cause, from which action the plaintiff has appealed. The record does not disclose the reason for sustaining demurrers, but it appears from the briefs that the court based its judgment upon the plea of limitations.

1. Plaintiff first contends that he was entitled to relief under the first cause of action in which he asked for cancellation of the deed for failure of consideration. In effect, plaintiff asked to rescind the contract, cancel the deed, and recover possession of the land for failure of consideration. 15 O.S. 1941 §233 authorizes rescission by a party to a contract "if through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part," and "if such consideration, before it is rendered to him, fails in a material respect, from any cause."

The term "failure of consideration" has a well defined meaning in the law, and we assume that the Legislature, in enacting this statute, intended the phrase to be applied according to such meaning. 50 Am. Jur. 365; 59 C. J. 979. In Black's Law Dictionary (3rd Ed.) it is said that the term **failure of consideration** "implies that a consideration, originally existing and good, has since become worthless or has ceased to exist or been extinguished, partially or entirely." In 12 C.J.S. §29, it is said that in the absence of fraud, or some other independent ground of equitable jurisdiction, " a court of equity will not interfere to rescind a contract on the sole ground that defendant has failed to perform his part of the contract or has broken its warranties or condition." See, also, Pomeroy's Equitable Remedies (2nd Ed.) §686 (Pomeroy's Equity Jurisprudence (4th Ed.) p. 4755); 9 Am. Jur. 374; 9 C. J. 1181; and Lawrence v. Gayetty, 78 Cal. 126, 20 P. 382. We think this rule obtains under our statute, 15 O.S. 1941 §233, and the mere failure to comply with the promises to give the mortgage is not "failure of consideration" as the term is therein used.

It follows that the court properly sustained the demurrers to the first cause of action in which rescission was sought.

2. The next question is whether, in the second count, the plaintiff stated a cause of action for the establishment and enforcement of an equitable lien or mortgage.

In Rubendall v. Talla, 190 Okla. 24, 119 P. 2d 851, where the contract to give the mortgage was in writing, it is said in the second paragraph of the syllabus:

"A valid agreement to execute a real estate mortgage to secure a portion of the purchase price of the premises is considered in equity as a mortgage, and, on default of the promissor, will be enforced against him or against third parties with notice thereof."

Since the plaintiff alleges the execution of the agreement on his part by the delivery of the deed, the oral agreement to execute the mortgage, if made as alleged, is taken out of the statute of frauds, if the statute applies to such an agreement and is valid. See Grayson v. Crawford, 189 Okla. 546, 119 P. 2d 42, and authorities there cited; 41 C. J. 302.

3. The question, then, is whether the agreement to make a mortgage is barred by limitations.

Plaintiff alleged, and now contends, that by reason of the promises made by Paul J. Douglass to make the note and mortgage and by reason of the confidential relationship existing between him and his son, he was justified in relying upon, and did rely upon, such promises and by reason thereof the defendants are estopped to plead the statute of limitations. We agree with this contention. In order to estop a person from pleading the statute of limitations it is not necessary for such person to agree not to urge it, but it

is sufficient if his conduct or promises are such as are naturally calculated to and do "induce plaintiff into a belief that his claim would be adjusted if he did not sue." Wood on Limitations, §53c, note 52.

"The debtor may be estopped from pleading the statute if he induces the creditor to let the period go by in which suit may be brought and his inducement is of such character as to make it iniquitous to permit the statute to be pleaded as a defense." Dickson v. Slater Steel & Rig Co., 138 Okla. 238, 280 P. 817.

See, also, Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 P. 218; Loy v. Nelson, 201 Ky. 710, 258 S. W. 303; Renackowsky v. Board of Water Commissioners, 122 Mich. 613, 81 N.W. 581; 19 American & English Encyclopedia of Law 288; 34 Am. Jur. 329, 333; Depuy v. Selby, 76 Okla. 307, 185 P. 107.

We conclude that by reason of the plea of estoppel, the court was not justified in holding that on the face of the petition the plea of limitations was good.

4. The final question is whether the court erred in sustaining the demurrer of Mrs. Douglass. The lien sought to be established and enforced is for the purchase price of the land. It is not alleged that Mrs. Douglass was a party to the contract of purchase. The only theory on which it could be claimed that Mrs. Douglass is a proper party is that she and her husband may claim the land as their homestead, although there is no such allegation. But, under the Constitution, art. 12, §§ 2, 3, the homestead is not exempt for any part of the purchase price except when in the possession of a purchaser from the vendee without noitce. And the rule is that, where title to the homestead is in the husband alone, the wife is not a necessary party in a suit to enforce a lien on the homestead for the purchase price. Mercer v. McKeel, 188 Okla. 280, 108 P. 2d 138; Hamra v.

Fitzpatrick 55 Okla. 780, 154 P. 665. We conclude that the petition did not state a cause of action against Mrs. Douglass.

In view of our conclusion that the second cause of action is to establish and foreclose an equitable mortgage to secure the purchase price, there is no merit in the defendants' contention that the action is one for relief on the ground of fraud and is barred by the two year statute of limitations, 12 O. S. 1941 §95 (3).

The judgment sustaining the demurrer of Mrs. Douglass is affirmed. The judgment sustaining the demurrer of Paul L. Douglass is affirmed as to the first cause of action, but is reversed as to the second cause of action with directions to overrule the same and to proceed consistently with the views herein expressed.

DAVISON, V.C.J., and CORN, ARNOLD, and LUTTRELL, JJ., concur. RILEY, BAYLESS, and WELCH, JJ., dissent.