## DOUGLASS v. CLUTTS.

No. 34456.    Oct. 28, 1952.

Rehearing Denied Nov. 18, 1952.

*250 P. 2d 31.*

A. E. Pearson, Oklahoma City, for plaintiff in error.

V. E. Stinchcomb, Oklahoma City, for defendant in error.

BINGAMAN, J.    This is the second appeal involving the parties and property in litigation.    On June 15, 1944, plaintiff filed an action jointly against Paul Douglass and Ruth Douglass.    By this action plaintiff sought to impress a purchase price lien on six acres of land transferred by plaintiff to his son Paul Douglass.    The trial court sustained separate demurrers interposed by Paul Douglass and Ruth Douglass and plaintiff stood on his petition. The court dismissed the action and plaintiff appealed.    This court held that the petition stated a cause of action against Paul Douglass but that the trial court correctly sustained the demurrer as to Ruth Douglass and the case was remanded for further proceedings in the trial court.    Douglass v. Douglass, 199 Okla. 519, 188 P. 2d 221.

On a retrial of the case the amended petition filed by plaintiff sought to enforce the lien against Paul Douglass only. Ruth Clutts, formerly Ruth Douglass, filed an action in intervention and set up her ownership of three acres of land.    The trial court entered judgment against Paul Douglass for $2,518.14, and entered judgment in favor of Ruth Clutts.    Plaintiff appeals.

At the trial it was developed that on the 10th day of October, 1938, plaintiff and his wife executed a warranty deed to Paul L. Douglass, their son.    At that time Paul Douglass was married to Ruth Douglass and had been since April 23, 1938. This deed was acknowledged on the date of its execution.    It

was filed for record December 27, 1938. On June 1, 1944, Ruth Douglass filed a divorce action against Paul Douglass. On June 7, 1944, Paul Douglass executed a quitclaim deed to three acres of this land to Ruth Douglass. The deed was acknowledged by Paul Douglass the same date it was executed; it was acknowledged by Ruth Douglass on June 28, 1944. It was filed for record December 28, 1947.

On June 28, 1944, Paul Douglass and Ruth Douglass were divorced. The decree was filed June 29, 1944. In this decree the court approved a property settlement in which the three acres described in the deed of June 7, 1944, on which is located a home formerly occupied by Paul Douglass and Ruth Douglass, was set apart as the separate property of Ruth Douglass and in the decree it was provided that Paul Douglass should have the remaining three acres of real property.

In the petition filed June 15, 1944, plaintiff alleged that at the time of the execution and delivery of the deed to Paul Douglass it was agreed that Paul Douglass would execute a note in the sum of $5,000 and secure the same by a real estate mortgage.

This court in reversing the trial court stated:

"In Rubendall v. Talla, 190 Okla. 24, 119 P. 2d 851, 852, where the contract to give the mortgage was in writing, it is said in the second paragraph of the syllabus: 'A valid agreement to execute a real estate mortgage to secure a portion of the purchase price of the premises is considered in equity as a mortgage, and, on default of the promissor, will be enforced against him or against third parties with notice thereof.' Since the plaintiff alleges the execution of the agreement on his part by the delivery of the deed, the oral agreement to execute the mortgage, if made as alleged, is taken out of the statute of frauds, if the statute applies to such an agreement, and is valid. See Grayson v. Crawford, 189 Okla. 546, 119 P. 2d 42, and authorities there cited; 41 C. J. 302."

Under the above statement it is plain that the case was returned to the trial court to determine whether or not there was a purchase price lien on the premises conveyed by plaintiff to Paul Douglass. We shall therefore review the evidence.

Plaintiff testified that soon after he sustained a heart attack in 1938 he decided to deed 26 acres of land owned by him to his three sons. Ten acres each were deeded to two sons and the remaining six acres were deeded to Paul. Paul received the smaller amount for the reason that his land was a little better situated. Although plaintiff stated that all three sons were to execute a mortgage on their portion of the land, he testified that only one of the sons did so. He testified that he delivered the deed to Paul Douglass with a note and mortgage. He does not testify how he delivered the deed, note and mortgage; that he repeatedly asked him to execute the same. Finally, on June 15, 1944, he filed suit. That after the decision in the case of Douglass v. Douglass, supra, Paul deeded plaintiff his three acres and plaintiff sold it for $4,000; that there remains due $2,518.14 which is $5,000 with interest at 3% less the credit of $4,000.

On cross-examination he admitted that after Ruth Douglass had filed the divorce action he offered to buy from her the three acres occupied by her and her child as a home. He said that he had arranged to obtain $2,000 for this purpose, but that she never consented to or completed the deal.

Paul Douglass testified that sometime in October or November of 1938, he received the deed in question by mail; that there was no other instrument included with the deed; that he had no agreement with his father to execute a mortgage for $5,000 or to pay $5,000 for the premises; that his father told him he wanted to execute the same for his protection, presumably meaning the protection of his father; that he repeatedly refused to execute the mort-

gage but finally told him that he would do so; that he never intended to execute a mortgage; that after the decision of this court in Douglass v. Douglass, supra, he transferred the three acres remaining in his name to his father.

Ruth Clutts, formerly Ruth Douglass, testified that she and Paul Douglass were married in April, 1938; that she has one child, a girl nine years of age; that they have lived in a house situated on the three acres in question since the fall of 1938; that in January, 1945, she remarried; that sometime in October or November, 1938, the deed in question was delivered; that she saw it in the front room on the table. There were no other papers with it; that she read the deed; that plaintiff never talked to her or anyone in her presence about the execution of a mortgage; that she heard plaintiff discuss deeding the property to his three sons; that she separated from Paul in January, 1944, before she filed suit for divorce on June 1, 1944; that after she and Paul separated she talked to plaintiff and plaintiff told her to go ahead and take the three acres from Paul for herself and for his granddaughter; that he wanted Ruth Clutts to tell his granddaughter that her grandfather gave her this land; that after plaintiff found out that Paul had deeded the property to her on June 7, 1944, he came to her and said she was not entitled to the land; at that time he offered to repurchase the property and she told him it was her home and that she would not consider any proposition concerning the sale thereof.

In order to sustain a judgment lien in favor of the plaintiff and against Ruth Clutts under the holding of the court in Douglass v. Douglass, supra, it would be essential for the evidence to support and for the court to find that at the time of the delivery of the deed and as a consideration therefor it was agreed by Paul Douglass that he would execute a mortgage for or that he agree to pay to the plaintiff the purchase price which he stated to be $5,000. Any agreement made thereafter would be void unless Ruth Clutts joined therein for the reason that an agreement by the husband concerning the transfer or incumbrance of the homestead is invalid unless joined in by the wife. Kelly v. Mosby, 34 Okla. 218, 124 P. 984.

We therefore hold that the judgment in favor of Ruth Clutts is supported by the evidence. The testimony offered by Paul Douglass and Ruth Clutts is sufficient to sustain the finding of the court in her behalf. We have repeatedly held that in a case of equitable cognizance the judgment of the trial court will not be disturbed on appeal unless the same is clearly against the weight of the evidence. Gaines v. Union Cent. Life Ins. Co., 191 Okla. 246, 129 P. 2d 79, and Mitchell v. Jackson, 177 Okla. 441, 60 P. 2d 390.

It is argued that since the trial court found in favor of the plaintiff and against the defendant Paul Douglass in the sum of $2,518.14, this necessarily was a finding that there was an agreement to pay the purchase price and that plaintiff would have a lien for the balance due. Both plaintiff and Paul Douglass testified that after the reversal of the case in Douglass v. Douglass, supra, Paul Douglass executed a deed conveying the three acres remaining in his name to the plaintiff, who sold the same for $4,000. Plaintiff testified that the balance of $2,518.14 represents the remaining part of the original $5,000, with interest thereon less the credit of $4,000. Evidently the trial court found that this created a new obligation and that while Paul Douglass agreed to pay the same this transaction would not create any obligation against Ruth Clutts.

Careful consideration of the entire record convinces us that the judgment of the trial court is not clearly against the weight of the evidence.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur.