SALES MATE, INC., an Oklahoma corporation, Alfred E. Wright, Appellees,

v.

The ESTATE OF Charles Arthur ELDER; Beverly Elder, Appellant.

No. 70019.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 9, 1990.

A.T. Elder, Jr., Rodney C. Ramsey, Oklahoma City, for appellant.

Thomas G. Smith, Purcell, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge.

In the early 1970's, Alfred E. Wright (Wright) formed Sales Mates, Inc. Charles Arthur Elder (Elder) acted as attorney, registered agent, and as an incorporator. Elder was responsible for investing corporate money in certificates of deposit, and there existed a personal friendship between Elder and Wright.

In December 1977, Elder borrowed $15,-000.00 from Sales Mates, Inc. and executed a promissory note due in December 1978, one year later. When the debt was not repaid in December 1978, Elder assured Wright it would be repaid at some time in the future. These assurances continued through the years, and the debt remained unpaid.

In 1985, Elder died leaving the debt. In November 1985, Wright and Sales Mates, Inc. filed an action against Elder's estate (Estate) on the promissory note. Estate answered, pleading the statute of limitations, pursuant to 12 O.S.1981 § 95. An amended petition was filed asserting negligent malpractice on the part of Elder in not informing Sales Mates, Inc. and Wright that the statute of limitations would expire. Again, Estate asserted 12 O.S.1981 § 95.

The case proceeded to trial by jury, which returned a verdict for Sales Mates, Inc. and Wright. Estate asserts error by the trial court in failing to sustain its demurrer to the evidence; and that Sales Mates, Inc. and Wright had not produced evidence showing any duty on the part of Elder to advise of the running of the statute of limitations; that Sales Mates, Inc. and Wright failed to produce evidence of a breach of duty; and, the action on the note was barred by the statute of limitations. It is not necessary to consider any allegation of alleged malpractice. Other issues are decisive.

The Supreme Court held in *Douglass v. Douglass*, 199 Okl. 519, 188 P.2d 221 (1947), that a debtor may be estopped from

pleading the statute of limitations where he induces the creditor to let the period go by within which suit could be brought. In *Douglass,* there existed, as here, a confidential relationship between the debtor and creditor. The Supreme Court found that the creditor was justified in relying on the debtor's promises. The jury verdict found that Wright and Sales Mates, Inc. were justified in relying on Elder's assurances, and in fact did so rely. Since the verdict is supported by competent evidence, it must be upheld, and the statute of limitations defense is not available to Estate.

■ Next, Estate contends the trial court erred in refusing to grant a mistrial after it was determined that Wright had engaged in a limited conversation with a juror during the noon recess. The attorney for Estate, Mr. Ramsey, saw Wright and a juror, Roy Thine, conversing during the noon recess. After moving for a mistrial the record shows the following proceedings in the judge's chambers:

"THE COURT: Let's go ahead, now that I have asked Mr. Wright to step in, and talk about the motion for a mistrial.

Mr. Wright, keeping in mind that you are still under oath as far as this proceeding is concerned, Mr. Ramsey advised me that during this recess he observed you have a conversation with Mr. Thine, one of the jurors. I wanted to ask you what the nature of that conversation might have been if it took place.

MR. WRIGHT: I spoke to a man out in the lobby concerning—He asked me how the printing business was, and I told him that it was pretty difficult right now, and he said, "Has the change in the dollar affected the market any?" And I said, "No, it hadn't"—I said, "Yes, it had affected the market" because I was paying $1.35 a yard and now I'm Paying $2.00 a yard for it, but he didn't have—I didn't know he was a juror.

THE COURT: Did you have any discussion about this matter?

MR. WRIGHT: No, sir. I didn't talk to nobody about it.

THE COURT: Does counsel have any questions of Mr. Wright?

MR. RAMSEY: Mr. Wright, you have been sitting through this whole session with the jury, is that correct?

MR. WRIGHT: Sure.

MR. RAMSEY: You have had an opportunity to observe the 12 people that were seated on the jury box, correct?

MR. WRIGHT: Yes, sir.

MR. RAMSEY: Was the person you were having this discussion with a person who was and is sitting in this jury box?

MR. WRIGHT: I asked Tom Smith, whenever I walked away from there, I said, "Is that guy on the jury?" And he said, "I don't think so." Well, he didn't have a jury tag on because I was concerned about it myself.

MR. RAMSEY: I would ask the Court to take a look at that juror and see if that—

MR. WRIGHT: He doesn't have a jury tag on now.

THE COURT: Any other questions?

MR. RAMSEY: No.

THE COURT: Do you want to interview Mr. Thine?

MR. RAMSEY: Your Honor, that puts me in an awkward posture. I don't think—I don't want to alienate a juror, bring him in and interview him. What we would ask is that there be—We would ask that a mistrial be granted, in that we have had these communications and Mr. Wright has developed at least some semblance of a rapport for this one juror who may make him no longer an impartial juror in this case. He has a personal relationship now with the Plaintiff.

THE COURT: Well, do you have any objection to my asking Mr. Thine to simply state that he has—that it's been called to my attention that he had a conversation with Mr. Wright without necessarily stating that you were the reporting party?

MR. RAMSEY: The trouble is, he saw me—

THE COURT: I want to give you that opportunity.

MR. RAMSEY: Okay. No, Your Honor. I will not request that be done.

THE COURT: Very well. I'll overrule the motion for mistrial, not being sufficient and requiring a mistrial." (transcript pp. 48–50.)

Estate has not met its burden to show prejudice. In *Kirkland v. General Motors Corp.*, 521 P.2d 1353 (Okl.1974), a case that involved a juror talking with a defendant's witness during recess, the Supreme Court upheld the trial court's denial of a new trial, noting the conversation did not involve the case being tried or any discussion of the subject of the trial. We find no abuse of discretion nor reversible error.

AFFIRMED.

HUNTER, V.C.J., and MacGUIGAN, J., concur.