1999 OK CIV APP 46

**GREEN TREE ACCEPTANCE, INC., Plaintiff/Appellee,**

v.

**James W. ANDERSON a/k/a James William Anderson, Defendant/Appellant.**

**No. 92,416.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 19, 1999.

Laura Emily Frossard, Legal Services of Eastern Oklahoma, Tulsa, Oklahoma, For Appellant,

David E. Jones, Grove, Oklahoma, For Appellee.

## *OPINION*

Opinion by Carol M. HANSEN, Presiding Judge:

¶1 Defendants lived in a log home on their approximately 20 acre homestead north of Jay, Oklahoma in Delaware County. Sometime before April 30, 1992, they entered into a contract to purchase a mobile home. They signed a promissory note for $26,214.50 to purchase the home. The note is not dated, and the exact date of its signing is disputed. The sellers assigned the note to Plaintiff, Green Tree Acceptance. Some time later an agent for Plaintiff went to Defendants' home and obtained their signatures on a mortgage of their homestead property. Although the mortgage does not reflect the date of its execution, the parties appear to agree it was signed on April 30, 1992.

¶2 Defendants made timely payments to Plaintiff until October of 1996. On February 25, 1997, Plaintiff filed this lawsuit seeking

judgment for $26,214.50 plus interest, and for a judgment in foreclosure of the lien on the mobile home and the real property. It attached the note and mortgage.

¶3 Defendant James Anderson[1] answered and filed a counterclaim. He alleged at the time of the purchase and signing of the mortgage, he did not have the mental capacity to understand and comprehend the nature and consequences of his acts. He amended his petition to state Plaintiff's agent told him and his wife that the mortgage document was an "affidavit of clear title" and convinced them to execute the document based on that false description of the document's legal effect. He stated he would not have executed the mortgage if he had been informed of its legal consequences.[2] He further alleged the mortgage attempted to create a non-purchase money lien or security interest on his homestead and that it was unsupported by consideration as it was signed some time after the actual purchase of the home. He also asserted Plaintiff violated the Federal Truth in Lending Act, (The Act), the Oklahoma Uniform Consumer Credit Code, (U.C.C.C.), and the Oklahoma Consumer Protection Act, (O.C.P.A.), giving rise to damages and a right of recoupment. He claimed these violations arose from Plaintiff's failure to give him notice of his right to rescind within three days of the transaction. He also argued by falsely stating the nature of the mortgage, Plaintiff engaged in a deceptive and unfair trade practice within the meaning of 15 O.S.1991 § 752(11). Because of these violations, he is entitled to actual and consequential damages and to statutory penalties.

¶4 Plaintiff filed a motion for summary judgment attaching an affidavit of its collection manager verifying the amounts due on the note and noting that a notice of default and right to cure was mailed to Defendant in December of 1996. Defendant filed a response to the motion, claiming many material facts to be in substantial controversy including the date the contract was signed, the representations given to Defendant when he signed the mortgage, the question of Defendant's mental capacity and the question of notice of a right to rescind.

¶5 In his brief in response to the motion, Defendant relies on the federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. and the Oklahoma Consumer Credit Code, 14A O.S.1991 § 2–301. Both the federal[3] and the Oklahoma act require a creditor to disclose certain financing information, including the consumer's right of rescission when a security interest will be retained or acquired in the consumer's principal dwelling.

¶6 Defendant also presented the note and security agreement to an expert who analyzed the readability content of the documents and found that to read and comprehend the content required a reading comprehension level of between grade 15 and 16+. He attached the expert's analysis to his brief. He also attached his affidavit stating the agent did in fact misrepresent the nature of the document he was signing.[4]

¶7 In October of 1997, the trial court granted partial summary judgment to Plaintiff on the note and security interest in the mobile home only. It found there was a substantial controversy as to certain material facts, notably the date upon which the contract was signed; whether the mortgage was supported by adequate consideration; whether Defendant was entitled to a notice of the right to rescind and whether he received that notice. It denied the right to foreclose the mortgage pending resolution of these factual issues.

¶8 In June of 1998, Plaintiff renewed its motion for summary judgment. While acknowledging it did not provide the required notice to Defendant, it called the trial court's attention to a recent United Supreme Court decision, *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140

---

1. Defendant Tammy Lynn Anderson did not appear. She and James Anderson are divorced.

2. Defendant, age 39, dropped out of school after the 8th grade and had worked in the chicken industry since he was 14 year old.

3. Section 1635 of The Act.

4. Also included in the record is a similar affidavit from Defendant's then wife and co-defendant.

L.Ed.2d 566 (1998). Based on this decision, Plaintiff points out Defendant's right to rescind the mortgage expired in 1995. The federal Truth in Lending Act, § 1635(f) and the Oklahoma U.C.C.C. both provide that an obligor's right of rescission expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. In *Beach*, the Supreme Court held the three year limit on rescission of a mortgage was not a statute of limitations. Rather, it precluded a right of action after a specified time. Consequently, unlike a statute of limitation which raises no bar to a claim in recoupment, a right to rescind may not be used as a recoupment defense in a foreclosure action brought by a mortgagee more than three years after consummation of a loan transaction.

¶ 9 The U.C.C.C. also provides if the required notice and material disclosures are not delivered, the right to rescind shall expire no later than three years after the date of consummation of the transaction. In response, Defendant emphasizes Plaintiff's request for a mortgage on Defendant's homestead was additional security for the purchase of the mobile home as Defendant had already given Plaintiff a lien on the mobile home when the sale was closed. Thus, no consideration was given Defendant for the mortgage. Although presenting no defense to Plaintiff's argument he may not use rescission as a defense in recoupment, Defendant emphasizes this does not preclude his counterclaim for damages for failure to provide the notice itself. Neither are his counterclaims barred by the U.C.C.C.

¶ 10 The trial court granted Plaintiff's motion for summary judgment and gave it judgment for $26,214.50, prejudgment interest of $4,777.00 and attorney fees in the amount of $9,056.25. Defendant appeals.[5]

¶ 11 We agree with Plaintiff that Defendant may not use failure to give notice of the right to rescind the mortgage as a recoupment defense at this late date. However, this was summary judgment. Summary judgment is an appropriate remedy

only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corporation,* 1988 OK 73, 760 P.2d 803. Once a question of fact has been demonstrated, it is clear summary judgment is not appropriate. *Weeks v. Wedgewood Village, Inc.,* 1976 OK 72, 554 P.2d 780. There remains a clear question of fact as to whether Plaintiff obtained the mortgage by misrepresentation or even fraud. There also is a question of lack of consideration for Defendant's grant of the mortgage.

¶ 12 Plaintiff defends this appeal by pointing out the original contract contemplated execution of the mortgage and the trial court so found. Plaintiff based this on a claim that the contract created an equitable mortgage on the land, citing *Douglass v. Douglass,* 199 Okla. 519, 188 P.2d 221 (1947). This is the general rule: that an agreement to give a mortgage or security on property, not objectionable for want of consideration, is considered in equity as a mortgage, upon the principle that equity will treat that as done, which by agreement should be done. *Rubendall v. Talla,* 190 Okla. 24, 119 P.2d 851 (1941). However, one who seeks equity must come with clean hands. *Story v. Hefner,* 1975 OK 115, 540 P.2d 562. Here Defendant strongly denies there was such an agreement or that he received any consideration for execution of the mortgage.

¶ 13 Title 15 O.S.1991 § 233(4) allows rescission of a contract for failure of consideration. In addition, both fraud and misrepresentation are legal bases for rescission of a mortgage in an action by the mortgagee to foreclose. *Alton–Dawson Mercantile Co. v. Staten,* 19 Okla. 252, 91 P. 892 (1907). A misrepresentation may occur when one conveys a false impression by failing to disclose the entire truth. *Testerman v. First Family Life Insurance Co.,* 1990 OK CIV APP 108, 808 P.2d 703. If either of these situations are indeed true, then Defendant

---

5. The appeal is filed without appellate briefs in conformance with the procedures for the appel-

late accelerated docket, Rule 1.203, Rules of Civil Appellate Procedure, 12 O.S.1991 Ch. 15, App.2.

808

has a right to rescind irrespective of Plaintiff's failure to give the required notice.

¶14 Every man or woman, even though illiterate, is presumed to know the contents of a written instrument signed by him; but no presumption of knowledge will stand in the way of a charge of fraud made in regard to the contents of the writing. *Dusbabek v. Bowers*, 173 Okla. 53, 43 P.2d 97 (1934). The syllabus by the Court in *Dusbabek* states:

> Where a party seeks to enforce an instrument against the person who signed it, and the signer charges such person with fraud in inducing him to sign said instrument on account of false and fraudulent representations concerning the contents of such instrument, and where the person signing such instrument acts upon such positive representations of fact, notwithstanding the fact that the means of knowledge were directly at hand and open to the person signing such instrument, and where said representation are of the character to induce action upon the person signing said instrument, and, in fact, did induce the signing of such instrument, such inducement constitutes fraud and it is sufficient to vitiate such instrument, and it becomes immaterial whether the person signing such instrument was negligent in failing to use diligence or ordinary prudence to discover the falsity of such representation.

¶15 In a foreclosure action it is the province of a court in its equitable power, to see to it that the party invoking its relief shall have dealt fairly, before relief is given. *Mid–State Homes, Inc. v. Donnelly*, 1978 OK 15, 574 P.2d 1036. Accordingly, the trial court erred in granting summary judgment to Plaintiff on this issue.

¶16 Defendant filed a counterclaim for damages for failure to provide notice of his right to rescind. In his counterclaim he is not attempting to rescind the transaction past the statutory limitation on that right. Rather he is seeking damages under the Truth in Lending Act, the U.C.C.C., and the O.C.P.A. Although *Beach* holds the right of rescission in recoupment expires three years

after consummation of the transaction, it does not bar a counterclaim for damages for failure to give the proper notice.

¶17 Section 1640 of The Act provides for civil penalties against a creditor for failure to comply with any requirement imposed under §§ 1601 et seq. Subsection(e) states: "This subsection does not bar a person from asserting a violation of this title (15 U.S.C. § 1601 et seq.) in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." The U.C.C.C., § 5–205 also provides that refunds or penalties to which the debtor is entitled may be set off against the debtor's obligation and may be raised as a defense to a suit on the obligation without regard to the time limitations prescribed by this part. Subsection 5–203(1) provides for actual and statutory damages for violation of that section of the U.C.C.C.

¶18 The transaction, a consumer credit sale, is also covered by the O.C.P.A. Title 15 O.S.1998 Supp. § 752(12) defines an unfair trade practice as any practice which offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Section 761.1 of this act also provides for damages and civil penalties.

¶19 Plaintiff provides no answer to these theories on the counterclaim. Summary judgment in favor of Plaintiff was inappropriate in face of the above statutory provisions.

¶20 Accordingly, the trial court's judgment is REVERSED and the cause REMANDED with directions to the trial court to proceed with trial consistent with views expressed in this opinion.

JONES, C.J. and ADAMS, J., concur.